FILED'08 JUL 11 14:42USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LISHIA REICH,

        Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security

        Defendant.

Civil No. 07-581-AC

FINDINGS AND
RECOMMENDATION

ACOSTA, Magistrate Judge:

Plaintiff Lishia Reich ("Reich") seeks judicial review of the Social Security Commissioner's final decision denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The Commissioner's decision should be affirmed for the reasons that follow.

1 - FINDINGS AND RECOMMENDATION

## BACKGROUND

Born in 1968, Reich completed high school. Tr. 60, 76.[1] Reich reports no past relevant work amounting to substantial gainful activity. Tr. 65-68.

Reich alleges disability since November 2000, and she argues that this is due to a combination of impairments. Pl.'s Opening Brief 2. Specifically, she originally claimed disability due to depression, fibromyalgia, chronic pain, and migraine headaches. Tr. 60, 70. She since has added to this list a variety of additional ailments, most relevant of which are "deficiencies in concentration, memory, comprehension, persistence, and following simple directions."[2]

An ALJ held a hearing on July 12, 2004, and, in his March 17, 2005 decision, subsequently found Reich not disabled. Tr. 466-517, 15-27. Based upon stipulation by both parties, on January 10, 2006, this court remanded the matter for further proceedings. Tr. 541. The ALJ held a second hearing on August 1, 2006 (Tr. 602-19), and, on February 16, 2007, again found Reich not disabled. Tr. 521-535. The Appeals Council accepted additional evidence into the record but denied review, making the ALJ's February 2007 decision final. Tr. 6-9. Reich presently appeals.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps to determine disability under the Act. 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140

---

[1] Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer November 14, 2007. Docket #12.

[2] In her original application, Reich also stated that she stopped working when she underwent surgery for ulcerative colitis, but she did not at that time include it within the combination of impairments she relied upon for her claim of disability. Tr. 70. She later listed the condition, but at hearing she did not testify to any residual symptoms from it and presented no evidence of treatment during the period of claimed disability. Tr. 531.

(1987). Reich challenges the ALJ's evaluation of the evidence and his conclusions at step five.

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If she is, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve-month duration requirement. 20 C.F.R. §§ 416.909, 416.920(a)(4)(ii). If the claimant does not have such a severe impairment, she is not disabled. *Id.*

At step three, the ALJ determines if the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. § 416.920(a)(4)(iii). If he determines the impairment meets or equals a listed impairment, the claimant is disabled. 20 C.F.R. § 416.920(d).

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by her impairments. 20 C.F.R. § 416.920(e), Social Security Ruling ("SSR") 96-8p. Assessing a claimant's credibility regarding her symptoms and their functional effect is part of the RFC determination when the record establishes the existence of a medically determinable impairment that could reasonably give rise to the claimant's reported symptoms. *Robbins v. Social Security Administration*, 466 F.3d 880, 883 (9th Cir. 2006). Ultimately, the ALJ uses all this information at step four to determine if the claimant can perform her past relevant work. 20 C.F.R. § 416.920(a)(4)(iv).

Although the initial burden of establishing disability rests upon the claimant, *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), if proceedings reach step five, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national

3 - FINDINGS AND RECOMMENDATION

economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1100; *Bowen*, 482 U.S. at 141-42. If the Commissioner demonstrates that the claimant can perform "any other substantial gainful activity in the national economy . . . the claimant is not disabled." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); 20 C.F.R. §§ 416.966, 416.920(g).

## THE ALJ'S FINDINGS

The ALJ found Reich's fibromyalgia, pain disorder, "drug seeking/abuse/marijuana abuse" and borderline intellectual functioning "severe" at step two in the sequential analysis. Tr. 524. However, at step three the ALJ concluded that these impairments did not meet or equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

The ALJ then evaluated Reich's RFC, finding:

> The claimant has the residual functional capacity to perform light work. The claimant has a moderate limitation in remembering, understanding, and carrying out detailed instructions, and has moderate limitations in setting realistic goals independently of others. She is limited to jobs with short, simple instructions and needs to have assigned work duties.

*Id.* In reaching his RFC finding, the ALJ also found "the credibility of the claimant and her witness . . . to be lacking (Social Security Ruling 96-7p)." Tr. 533. Additionally, he found that the record contained "ample evidence of malingering in this case." Tr. 532.

Moving to the step five analysis, the ALJ found that Reich did not have past relevant work, but that she could perform other work in the national economy. Tr. 534. The ALJ therefore found Reich not disabled throughout the period in question. Tr. 535.

///

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" is defined as that more than a mere scintilla, but less than a preponderance. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The reviewing court may not substitute its judgment for that of the Commissioner. *Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006)), *see also Edlund*, 253 F.3d at 1156. Thus, where the evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld, *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005), even where the evidence can support either affirming or reversing the ALJ's conclusion. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). However, a reviewing court must consider the entire record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and "the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins*, 466 F.3d at 883, *citing* SSR 96-8p, 1996 WL 374184, at *5; 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3); *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir.1996). While an ALJ may find testimony not credible in part or in whole, he

or she may not disregard it solely because it is not substantiated affirmatively by objective medical evidence. *Robbins*, 466 F.3d at 883. If a claimant has established an impairment, absent "affirmative evidence" of malingering, the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Smolen*, 80 F.3d at 1284. Conversely, if the record demonstrates malingering the ALJ need not express "clear and convincing reasons" for finding the claimant not credible. *Id. Accord Burch*, 400 F.3d at 680.

## DISCUSSION

Reich challenges the ALJ's evaluation of her credibility and that of a lay witness. Reich also alleges that the ALJ inaccurately assessed her RFC and made improper findings at step five in the sequential proceedings. Finally, Reich alleges that the ALJ abused his discretion. Reich does not directly challenge the ALJ's assessment of the medical evidence, and these findings will not be addressed.

### I. Credibility

Reich contends the ALJ erroneously found that she malingered. Pl.'s Opening Br. 19. She recites a handful of reasons why the ALJ erred in concluding that "there is ample evidence of malingering in this case," most relevant reason to this appeal that "no physician ever stated malingering was present . . . ." Pl.'s Opening Br. 20. Reich argues that the ALJ's erroneous conclusion of malingering adversely affected the his conclusion regarding her RFC. Pl.'s Opening Br. 19-20.

#### a. Malingering

As he was required to do, the ALJ carefully reviewed and considered Reich's medical history relevant to the period at issue; in fact, he used over six full pages of his fifteen-page opinion just to

review the medical evidence. Tr. 524-530. In doing so, the ALJ identified those portions of Reich's medical history in which a treating or evaluating physician and mental health care professional stated that Reich's subjective complaints of pain and limitation were completely at odds with or contradicted by the results of repeated clinical, neurologic, rheumatologic, and radiologic examinations and tests conducted throughout a four-year period. As examples, the ALJ found that one examining psychologist noted Reich's "highly exaggerated displays of pain behavior" and assessed a "probable" malingering diagnosis. Tr. 526-27. The ALJ also noted that a physician who comprehensively examined Reich with special focus on her fibromyalgia claim found that Reich made no complaints of pain when he pressed fibromyalgia points and had observed that throughout the examination Reich's manifested symptoms were erratic and inconsistent. Tr. 527. And, the ALJ observed that Reich's own treating physician, in response to Reich's complaints of "excruciating pain" and after conducting a "number of expensive and sophisticated tests," could conclude only that Reich offered a "confusing clinical presentation," leaving him with no further recommendations for medical treatment. Tr. 525. The ALJ also referenced the American Psychiatric Association's *Diagnostic and Statistical Manual* (4th ed. Text Revision 2000) ("*DSM-IV*") standard for malingering, and discussed Reich's behavior in light of this standard. Tr. 532.

Reich argues that the ALJ's malingering conclusion is in error because "no physician ever stated malingering was present" and because the ALJ is not "a physician with the expertise to ascertain what evidence was consistent with malingering." Pl.'s Opening Br. 19. Reich's contention that the ALJ may not make a medical diagnosis is correct. While the ALJ may note physician observations, *Smolen*, 80 F.3d at 1284, the reviewing court may not sustain an ALJ's attempts to construe his own medical diagnosis. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir.

7 - FINDINGS AND RECOMMENDATION

1975)(hearing examiner, not qualified as a medical expert, should not go beyond the record to make his own assessment of the claimant's condition). For this reason the ALJ's citation to the *DSM-IV* and his concurrent malingering finding should not be affirmed.[3]

### b.     The ALJ's Additional Credibility Findings

The ALJ gave additional reasons for finding Reich not credible. Tr. 525-33. Reich does not challenge the ALJ's citation to her activities of daily living and contradictory testimony in finding her not credible. When weighing the claimant's credibility, the ALJ may consider factors such as

> [T]he claimant's reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains.

*Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court may not engage in second-guessing. *Id.*

The ALJ cited numerous reasons supporting his finding that Reich was not credible. The ALJ noted Reich's reports that she cleaned compulsively, swam, read, made rugs, and went for short walks. Tr. 526, 528-29, 531. The ALJ also found these statements contradicted by Reich's reports that she could do nothing but recline all day and watch television. *Id.* The record reflects this analysis and the ALJ may cite such contradictory testimony in making a credibility determination. *Thomas*, 278 F.3d at 958-59, *Smolen*, 80 F.3d at 1284.

---

[3] The court notes that while Ninth Circuit cases reveal that only "affirmative evidence" and not an express medical diagnosis of malingering is required for an ALJ's finding that a claimant is malingering, the Ninth Circuit has not defined what constitutes "affirmative evidence" under this standard.

8 - FINDINGS AND RECOMMENDATION

While a claimant need not "vegetate in dark room," *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may cite a claimant's daily activities in conjunction with other factors. *Smolen*, 80 F3d at 1284. Based on the extent of Reich's daily activities coupled with the medical record, discussed below, the ALJ could properly conclude that Reich overstated her need to rest and recline. "Although the evidence of [a claimant's] daily activities may also admit of an interpretation more favorable to [claimant]," the reviewing court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Burch*, 400 F.3d at 680-81, citing *Magallanes*, 881 F.2d at 750. Thus, the ALJ's reference to Reich's daily activities supports his credibility finding.

As noted, the ALJ also considered Reich's medical record in his credibility determination. Here the ALJ cited Reich's reports to one treating source that she "was going to pursue counseling," and concurrent report to another mental health provider that she had been attending counseling for several months. Tr. 528. The ALJ also noted that Reich reported that she required a cane, but that she was observed ambulating without use of a cane. Tr. 526-27, 531, 533. The record again supports these citations, and the ALJ may cite such contradictory conduct and inconsistent clinical presentation. *Smolen*, 80 F.3d at 1284, *Thomas*, 278 F.3d at 959.

In summary, the ALJ's credibility finding is supported by substantial evidence in the record and resulted from his appropriate exercise of his responsibilities. The ALJ's malingering finding should not be affirmed, but it is inconsequential because the ALJ did not base his credibility analysis entirely upon this finding. This court will not recommend reversal for such error. *Burch*, 400 F.3d 679. Thus, the ALJ's overall finding that Reich's testimony was "lacking" credibility (tr. 533) should be affirmed.

9 - FINDINGS AND RECOMMENDATION

## II. Lay Testimony

Reich also contends the ALJ failed to find that testimony submitted by her husband, Russ Reich, corroborated her own testimony regarding the limited use of her hands. Pl.'s Opening Br. 28. The ALJ must give germane reasons for rejecting lay witness testimony. *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006).

The ALJ reiterated Russ Reich's statements that Reich could not grasp objects with her hands, could not lift a gallon of milk, and often dropped items. Tr. 532. The medical record does not establish that Reich has a hand impairment. The ALJ need not credit lay testimony unsupported by the medical record. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). Furthermore, because Reich never claimed that her limitations included a hand impairment, even if the ALJ erred in discounting Russ Reich's testimony on this point, the ALJ's error was without consequence. Rejection of nonprobative lay testimony may be considered harmless. *Stout*, 454 F.3d at 1055. For these reasons, the ALJ's analysis of Russ Reich's testimony regarding Reich's hands should be affirmed.

## III. RFC Assessment

Reich now contends that the ALJ erroneously evaluated her RFC. Reich repeatedly contends that ALJ's RFC assessment failed to restrict her to a reduced pace in the workplace. Pl.'s Opening Br. 11-12. Reich bases this assertion upon her alleged past relevant work and her established borderline intellectual functioning. The court analyzes each claim separately.

### A. Past Relevant Work

The term "past relevant work" means work performed within the last fifteen years or fifteen

years prior to the date that disability must be established, that was substantial gainful activity. 20 C.F.R. § 404.1560(b)(1). Summarized, "substantial gainful activity" is work activity that involves doing significant physical or mental activities, done for pay or profit. 20 C.F.R. § 404.1572. If a claimant has no past relevant work, then the claimant's RFC, age, education, and work experience will be considered to determine whether the claimant can perform other work. 20 C.F.R. § 404.1520(g)(1).

The ALJ noted that Reich had never performed a job at substantial gainful activity. Tr. 543. The ALJ therefore found that Reich had no past relevant work. Tr. 534. The record does not show that Reich posted earnings resulting in substantial gainful activity (Tr. 64-67). The Commissioner's regulations explain: "We consider that your work experience applies when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity." 20 C.F.R. § 416.965(a). Accordingly, in considering Reich's RFC assessment the ALJ appropriately concluded that Reich had no past relevant work, and his conclusion should be affirmed.

**B.     Borderline Intellectual Functioning**

The ALJ found Reich's borderline intellectual functioning severe but also found that Reich "retains the ability to perform SVP 3 semi-skilled work." Tr. 524. Reich now contends that this finding is contradictory. Pl.'s Opening Br. 13, 16.

The *Dictionary of Occupational Titles* classifies work according to "specific vocational preparation" ("SVP") levels. These categories reflect "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." *Dictionary of Occupational Titles*,

www.http://www.occupationalinfo.org/appendxc_1.html#II (last visited June 24, 2008). These classifications reflect time needed to learn a job, and do not correspond to an individual's aptitudes or limitations. Reich's assertion that her borderline intelligence precludes SVP level 3 work is therefore without merit.

Even if the ALJ had erred in concluding that Reich retained the ability to perform SVP 3 semi-skilled work, the error was harmless because, as Reich acknowledges, all jobs identified by the ALJ at step five require SVP level 2 skills only. Pl.'s Opening Br. 16; Tr. 535. Thus, the error Reich claims the ALJ committed was harmless, and a decision of the ALJ will not be reversed for harmless errors. *Burch*, 400 F.3d at 679.

Reich nonetheless asserts that the ALJ's SVP level 3 finding fails "to address the greater problem, which is the overall negative effect caused to Plaintiff by the ALJ's failure to understand Plaintiff's past work abilities." Pl.'s Opening Br. 16. Because the ALJ correctly found that Reich does not have past relevant work, this argument is also without merit.

### C. Workplace "Pace"

Reich repeatedly emphasizes that the ALJ's RFC assessment failed to reflect an inability to meet workplace production requirements, which she refers to as "pace." Pl.'s Opening Br. 11, 12, 13, 14, 17-18, 19. First, Reich did not raise this argument at the hearing or the Appeals Council levels. Tr. 464-65.[4] This prevents Reich from raising the issue upon appeal: "We now hold that, at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearing in order to preserve them on appeal . . . We will only excuse a failure to

---

[4] Reich's counsel declined to question the vocational expert, Eileen Lincicome, about the effects of Reich's allegedly slow workplace pace. Tr. 618.

comply with this rule when necessary to avoid a manifest injustice." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Thus, Reich's argument regarding workplace "pace" should not be considered by this court.

Second, Reich provides no authority that pace should be analyzed as a separate component of the RFC determination. In fact, pace is accounted for as part of the "concentration, persistence, or pace" term found in 20 C.F.R. pt. 404, subpt. P, Appendix 1., which the ALJ referenced in assessing Reich's impairments. Tr. 523, 524. For this additional reason, this court should not disturb the ALJ's RFC analysis.

## IV.   The ALJ's Step Five Findings

Reich contends the ALJ's step five findings are based upon unsubstantiated evidence. Pl.'s Opening Br. 10. In making a step five finding which includes non-exertional limitations, the ALJ is required to propound a hypothetical to a vocational expert ("VE"). *Tackett*, 180 F.3d at 1101-02. This hypothetical must be "based on medical assumptions supported by substantial evidence in the record that reflects all of the claimant's limitations, and need not include limitations not supported by the evidence." *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2003).

The ALJ's questions to the VE included the limitations expressed in Reich's RFC assessment and omitted those not supported by substantial evidence. Tr. 616. For the reasons discussed above, Reich fails to show that this was an improper assessment. The ALJ appropriately relied upon the VE's testimony and his step five findings should be affirmed.

## V.   Allegations of Bias and Abuse of Discretion

Reich first contends that the ALJ exhibited bias in addressing her substance abuse problem.

A claimant asserting bias shoulders a significant burden of proof, as the presumption is that hearing officers are unbiased. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214-15 (9th Cir. 2005). Thus, to succeed on a claim of bias, the claimant must show that "the ALJ's behavior, in the context of the whole case, was so extreme as to display clear inability to render fair judgment," such as a conflict of interest or other specific reason. *Bayliss*, 427 F.3d at 1215 (citations and internal quotations omitted).

The ALJ's decision repeatedly noted Reich's reports of substance abuse (Tr. 524, 526, 531) and the record firmly supports these references. In her September 7, 2002, "Alcohol and Drug Use Questionnaire," Reich provided the following handwritten responses:

> 2. What alcohol/drugs do you or have you used since you became disabled? *Marijuana since I was 12 yrs old help my depression, pain anxiety/nerves & more*
>
>> a. In what quantities? *8 oz EVERY DAY in a half or 2 DAYS depends on how I feel.*
>
> 3. What is your typical pattern of us (for example, binge over a weekend, or use to the point of intoxication three or more evenings a week)? *[Reich circled "three or more evenings a week".]*
>
> 4. What is your longest period of being clean and sober? *3 DAYS*

Tr. 96. Reich's own admissions reveal that she used drugs virtually on a daily basis and that she was not able to remain sober for more than three days at a time.

Furthermore, the record contains numerous physician records that document Reich's reports of prolonged and daily marijuana use (Tr. 96, 220, 277, 291), thus providing additional objective basis for the ALJ's finding. Because the ALJ's finding was based upon substantial evidence, Reich has failed to rebut the presumption that the ALJ was not biased and her argument on this point

should be rejected.

Reich finally contends the ALJ abused his discretion in finding that she *could* perform her past relevant work. Pl.'s Opening Br. 23-24. However, the record contains no support for Reich's assertion, as the ALJ did not find that Reich could perform past relevant work. Tr. 534. If Reich instead meant to assert that the ALJ abused his discretion in finding that she *could not* perform her past relevant work, the court finds this argument irrelevant as such a finding never establishes disability. If an ALJ finds that a claimant cannot perform past relevant work at step four in the sequential proceedings, he or she always proceeds to step five. 20 C.F.R. § 416.920(a)(iv), (v). And, Reich's inference that the ALJ's failure to solicit additional VE testimony establishes that the ALJ would have awarded benefits also is without merit, as the ALJ may reach step five conclusions with or without a vocational expert. Accordingly, there is no reason to disturb the ALJ's opinion on this basis, and Reich's contention that the ALJ abused his discretion should be rejected.

## RECOMMENDATION

Reich fails to establish reversible error in the ALJ's analysis of the relevant testimony, her RFC, and the ALJ's step five findings. Reich also fails to show that the ALJ abused his discretion or was biased. This court finds that the Commissioner's decision that Reich did not suffer from disability and is not entitled to benefits under Title XVI of the Social Security Act is based upon correct legal standards and recommends that this case be AFFIRMED.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due July 25, 2008. If no objections are filed, review of the Findings

and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objections. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

IT IS SO ORDERED.

Dated this 11th day of July, 2008.

/s/ John V. Acosta
John V. Acosta
United States Magistrate Judge